# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **BEE CREEK PHOTOGRAPHY,** *Plaintiff* § § § | |
| v. § | No. 1:23-CV-01270-RP |
| **AUSTIN MEDIA ROOMS LLC,** *Defendant* § § § § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Bee Creek Photography's ("Bee Creek") motion for default judgment, Dkt. 9. After reviewing the motion and the relevant case law, the undersigned recommends that the District Judge grant Bee Creek's motion.

### I.   BACKGROUND

Bee Creek, a professional photography sole proprietorship, sues Defendant Austin Media Rooms ("AMR") for copyright infringement pursuant to 17 U.S.C. § 101, et seq., alleging that AMR displayed Bee Creek's Austin, Texas skyline photograph on its websites without permission from Bee Creek. Dkts. 1, at 3-4; 9-1, at 1-2.

Bee Creek registered the skyline photograph with the U.S. Copyright Office on October 6, 2015. Dkt. 9-6, at 2. According to Bee Creek, AMR began displaying the photograph on its websites "on or about July 8, 2019." Dkt. 9-1, at 2. Bee Creek states that AMR neither licensed the photograph from Bee Creek nor had Bee Creek's

1

permission or consent to publish the photograph. *Id.* Bee Creek sued AMR on October 19, 2023, alleging one count of copyright infringement under 17 U.S.C. § 501 for reproducing, distributing, and publicly displaying the skyline photograph for its own purposes. Dkt. 1, at 6. AMR did not respond to the suit by the answer deadline, and has not appeared before this Court. Bee Creek moved for entry of default, which the clerk entered. Dkts. 7; 8. Bee Creek now moves for default judgment. Dkt. 9.

## II.     LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering Bee Creek's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether Bee Creek's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, Bee Creek should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J*

*Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

## III.  DISCUSSION

### A.  Default judgment is procedurally warranted.

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against AMR. Because AMR has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). AMR's failure to appear and respond has ground the adversary process to a halt, prejudicing Bee Creek's interest in pursuing his claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: AMR was properly served and has failed to appear and participate at all, much less timely file a responsive pleading. *See* Dkt. 5. There is no indication

that the default was caused by a good faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.[1]

### B.     Bee Creek's complaint is sufficient to establish its right to relief.

Default judgment is proper only if the well-pleaded factual allegations in Bee Creek's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id*. In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

For Bee Creek to prevail on its copyright-infringement claim, it must show that: (1) it owns a valid copyright and (2) AMR copied constituent elements of Bee Creek's work that are original. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499

---

[1] Bee Creek has established AMR was properly served, and the District Judge entered default. Fed. R. Civ. P. 55(a); Dkts. 6; 7; 8. As AMR is a non-individual defendant, the undersigned finds that the defendant in this action is not a minor or incompetent person and is not in military service. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931.

4

(5th Cir. 2012). A certificate of registration is prima facie evidence both that a copyright is valid and that the registrant owns the copyright. *Batiste v. Lewis*, 976 F.3d 493, 501 (5th Cir. 2020); 17 U.S.C. § 410(c). Section 106 of the U.S. Copyright Act states that "the owner of copyright under this title has the exclusive rights … to authorize … [reproduction of] … the copyrighted work in copies [and to distribute] … copies … of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending …." 17 U.S.C. § 106.

Bee Creek has demonstrated the elements of its claim. Bee Creek owns the registered copyrights to the photograph at issue. Dkts. 1, at 2; 9-1, at 2; 9-6, at 2. The undersigned finds that the well-pleaded facts in Bee Creek's complaint are sufficient to establish that AMR copied the photograph. *See* Dkt. 1, at 3-4. AMR violated the exclusive rights granted to Bee Creek as a copyright owner as provided in § 106 of the Copyright Act by reproducing, distributing, and publicly displaying the copyrighted photograph to a global audience through its website, without ever obtaining a license or consent from Bee Creek. *Id.* at 10.

Bee Creek's factual allegations and the record before the undersigned are enough to raise Bee Creek's right to relief above a speculative level as to its claim against AMR. *Wooten*, 788 F.3d at 498. The undersigned finds that default judgment is substantively warranted as to an entry of judgment.

### C. The District Judge should award Bee Creek statutory damages, attorneys' fees, and costs.

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

5

Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.*

A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311. Because damages and costs in this case can be ascertained with reference to the pleadings and supporting documents, the undersigned determines the amount of damages AMR owes based on the record. *See id.* at 310.

    1.    *Bee Creek should receive minimum statutory damages.*

The Copyright Act allows a plaintiff alleging copyright infringement to recover statutory damages in an amount between $750 and $30,000 per infringement as the court deems just in lieu of actual damages and profits at any time before final judgment. 17 U.S.C. § 504(c)(1). The Court has "virtually unfettered" discretion to set an amount it considers just within the statutory range. *Cullum v. Diamond A Hunting, Inc.*, 484 F. App'x 1000, 1002 (5th Cir. 2012). If the infringement was willful,

"the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). In determining the appropriate award, courts "are guided by the principle that complying with the copyright laws should be less costly than violating them—meaning that statutory damages should be sufficient to deter future copyright infringement." *Neutral Gray Music v. Tri-City Funding & Mgmt.*, No. 4:19-CV-04230, 2021 WL 1521592, at *5 (S.D. Tex. Mar. 30, 2021) (citing cases).

Bee Creek asks this Court to award $30,000 in statutory damages under the Copyright Act, asserting that AMR acted willfully by virtue of its default. Dkt. 9-1, at 7, 8; *see* 17 U.S.C. § 504(c)(1). "Among the numerous factors considered by the courts in setting statutory damage amounts are the expenses saved and profits reaped by the infringer; the deterrent effect of the award on a defendant and on third parties; and the infringer's state of mind in committing the infringement." *Motionware Enters., Inc. v. Individuals, Bus. Entities & Unincorporated Ass'ns Identified on Exhibit 1*, No. 1:22-CV-1225-RP, 2023 WL 6977940, at *5 (W.D. Tex. Sept. 13, 2023), *report and recommendation adopted*, 2023 WL 6979603 (W.D. Tex. Oct. 23, 2023) (quoting *Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 560 (N.D. Tex. 1997)). Furthermore, "while there need not be a direct correlation between statutory damages and actual damages, it has generally been held that the statutory award should bear some relation to actual damages suffered." *Aberle v. GP Clubs*, No. 1:19-CV-1066-RP, 2020 WL 4035074, at *4 (W.D. Tex. July 17, 2020), *report and*

7

*recommendation adopted*, No. 1:19-cv-1066-RP, at Dkt. 16 (W.D. Tex. Aug. 3, 2020) (internal quotation marks omitted).

Bee Creek offers no evidence of its licensing fees or any actual damages. Bee Creek states that "[u]pon information and belief, Defendant has received a financial benefit directly attributable to the Infringement" and "the Infringement … caused Defendant to realize an increase in its business revenue," but Bee Creek provides no evidence regarding AMR's expenses or profits. Dkt. 1, at 5. Bee Creek thus provides no basis for seeking the maximum award available for non-willful infringement. Accordingly, the undersigned finds that the requested award of $30,000 is excessive. Instead, an award of $2,500 is more appropriate here, where Bee Creek provides no justification for a departure from the minimum statutory award and no evidence to distinguish this case from a case in which the minimum statutory award would be justified solely by virtue of the fact of infringement. The undersigned also notes that courts in this division have found that an award of $2,500 to $3,500 is sufficient in cases alleging infringement of a single photograph. *See Bee Creek Photography v. TexasRealFood, Inc.*, No. 1:23-cv-1056-RP, 2024 WL 3100762, at *4 n.2 (W.D. Tex. June 6, 2024), *report and recommendation adopted*, 2024 WL 3093487 (W.D. Tex. June 21, 2024); *Aberle*, 2020 WL 4035074, at *4.

Accordingly, the undersigned recommends that the District Judge award Bee Creek $2,500 in damages. Such an amount is sufficient to penalize AMR's non-willful conduct and deter AMR and similar entities from engaging in this type of infringement of copyrighted materials in the future.

2.     *Bee Creek is entitled to its requested attorneys' fees and costs.*

Bee Creek also seeks to recover attorneys' fees and costs. Dkt. 9-1, at 9-13. Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against a party…. [T]he court may also award a reasonable attorney's fee to pay the prevailing party as part of the costs." The factors considered when deciding to award attorneys' fees include the "frivolousness, motivation, objective unreasonableness (both in factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 (1994). Fee awards in copyright infringement cases are the rule rather than the exception and should be awarded routinely. *See Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381 (5th Cir. 2004); *Canopy Music Inc. v. Harbor Cities Broad., Inc.*, 950 F. Supp. 913, 917-18 (E.D. Wis. 1997) (awarding attorneys' fees award on a motion for default judgment).

Should a court decide to award fees, it must ensure that the award is reasonable. When seeking an attorneys' fee award from the district court, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Courts employ the "lodestar" method in calculating reasonable attorneys' fees, multiplying the number

of hours reasonably spent by counsel on the matter by a reasonable hourly rate. *See Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010).

Here, Bee Creek requests $1112 in attorneys' fees. Dkts. 9-1, at 11-13; 9-2, at 8. Bee Creek submits only the declaration of Craig Sanders, its counsel, in support of the request. Dkt. 9-2. Sanders states that his fee of $700 per hour is "well within the range of hourly billing for similarly experienced attorneys according with the Report of the Economic Survey (2017) for the American Intellectual Property Law Association as well as the rates set forth in the Laffey Matrix chart of hourly rates for attorneys sand paralegals in the Washington, D.C. area[.]" *Id.* at 7.

The reasonableness of Sanders's hourly rate should be based on the community in which this court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (the relevant community for determining the market rate is the community where the district court sits). In recent cases in the Austin Division of this District, courts have approved hourly rates of $250 to $500 in copyright cases. *TexasRealFood*, 2024 WL 3100762, at *5; *Paakline v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:22-CV-1082-DII, 2023 WL 7018276, at *8 (W.D. Tex. Oct. 24, 2023), *report and recommendation adopted sub nom. PAAKline v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:22-CV-1082-DII, 2023 WL 7649451 (W.D. Tex. Nov. 14, 2023) (citing *BVE Brands v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:22-CV-00278-RP, 2023 WL 5108960, at *8 (W.D. Tex. June 23, 2023), *report and recommendation adopted sub nom. BVE Brands v. Yiwu Dingyi E-Com. Co.*, No. 1:22-

CV-278-RP, 2023 WL 5116551 (W.D. Tex. Aug. 9, 2023)); *Aberle*, 2020 WL 4035074, at *5; *Joe Hand Promotions v. Machinegun Michaels*, No. 1:22-CV-1388-DII, 2023 WL 8074153, at *5 (W.D. Tex. Nov. 21, 2023), *report and recommendation adopted*, No. 1:22-CV-1388-DII, 2023 WL 8461637 (W.D. Tex. Dec. 6, 2023).

The undersigned finds that the range of $325 to $500 per hour is "in line with prevailing rates for copyright infringement practitioners of reasonably comparable skill, experience, and reputation in the Austin community." *TexasRealFood*, 2024 WL 3100762, at *5 (internal quotation marks omitted). Accordingly, this court recommends awarding fees at a rate of $475 per hour. *Id*.

Next, the court considers the number of hours reasonably spent. In calculating what hours were reasonably spent on litigation, the court should exclude excessive, unnecessary, and redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful claims. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). Here, Sanders submitted time records with sufficient details including dates and descriptions of the services rendered. Dkt. 9-2, at 8. The records demonstrate Sanders spent 1.6 hours on this litigation. *Id.* Accordingly, the undersigned will recommend awarding a total of $760 in attorneys' fees for 1.6 hours at an hourly rate of $475.

Bee Creek also seeks costs of $442 for the court filing fee and the service fee. Dkt. 9-2, at 8. Section 505 allows the prevailing party to recover its "full costs" incurred in protection of its copyright. 17 U.S.C. § 505. Bee Creek's requested costs are reasonable. *TexasRealFood*, 2024 WL 3100762, at *6. The undersigned therefore

11

finds that Bee Creek is entitled to $442 in costs. Finally, Bee Creek is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

## IV.   RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Bee Creek's motion for default judgment, Dkt. 9. Bee Creek should be awarded statutory damages in the amount of $2,500.00, attorneys' fees in the amount of $760.00, costs in the amount of $442.00, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

The referral of this case to the Magistrate Judge should now be canceled.

## V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 25, 2025.

                                              DUSTIN M. HOWELL
                                              UNITED STATES MAGISTRATE JUDGE